# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Joe Hand Promotions, Inc.,<br><br>Plaintiff<br><br>v.<br><br>Eden J. Steak, et al.,<br><br>Defendants | Case No.: 2:12-cv-1930-JAD-PAL<br><br>**Order Denying Without Prejudice Defendants' Motion for Summary Judgment [Doc. 16]** |

This dispute involves commercial distribution rights to the August 27, 2011, television presentation of "Ultimate Fighting Championship 114: 'Rio:" Anderson Silva v. Yushin Okami" (the Event") Doc. 1 at 4. Plaintiff Joe Hand Promotions, which distributes and licenses sporting events, claims it held distribution rights to the Event, and entered into sublicensing agreements with "various commercial entities" in Nevada which permitted those entities to broadcast the Event in their establishments. *Id.* at 3. Joe Hand claims that Defendants Eden J. Steak LLC, Donghwan Park, and Albert S. Lee, who own and operate a Las Vegas Steak house, broadcast the Event without obtaining Joe Hand's permission, even though they knew of Joe Hand's exclusive distribution rights. *See id.* Joe Hand claims these actions violated two federal statutes, 47 U.S.C. §§ 555 and 605, and made Defendants liable for conversion under Nevada state law. *Id.* at 4-7.

Defendants then moved for "summary judgment or partial summary judgment," claiming, *inter alia*, that they are entitled to judgment as a matter of law because Joe Hand's Complaint did not properly plead a cause of action under either federal statute, and that Park and Lee cannot be held liable under a conversion theory because when an LLC entity is involved its individual members cannot be held liable. *See* Doc. 16 at 5-6. Defendants' motion consists solely of a memorandum of law addressing various points, which begins with what it claims is a "brief statement of the facts." *Id.* at 3. These "facts" are bereft of any citation of points in the record, or indicia that any fact is either disputed or undisputed. *See* Doc. 16 at 3.

Plainitffs seize on this issue in their response to the motion, arguing that because Defendants failed to offer a separate statement of undisputed facts, they do not satisfy the summary judgment presentation standards set out in this District's Local Rule 56-1 and their motion can be denied as procedurally deficient. Doc. 18 at 4. No reply to the response was filed. After reviewing the motion the Court agrees that it is procedurally defective, but denies the motion without prejudice to give Defendants the opportunity to either re-style their motion under a different legal theory or present their arguments in a manner compliant with the summary judgment presentation rules.

**Discussion**

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."[1] The burdens on summary judgment are key. A party seeking summary judgment bears the initial burden of informing the Court of those portions of the pleadings and discovery that demonstrate the absence of a genuine issue of material fact.[2]

Parties moving for summary judgment must satisfy Rule 56 of the Federal Rules of Civil Procedure. Subsection (c)(1) of that rule states, "A party asserting that a fact cannot be

---

[1] Fed. R. Civ. P. 56(a).

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

or is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[3] When a defendant moves for summary judgment on a plaintiff's claims "on the ground that the nonmoving party has no evidence," he or she "must affirmatively show the absence of evidence in the record."[4] "This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence."[5] "If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record. Either way, however, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party."[6] "If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied, and the Court need not consider whether the moving party has met its ultimate burden of persuasion."[7] Thus, "[i]f a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial."[8]

The Ninth Circuit cautions that parties who fail to provide pinpoint citations to evidence supporting assertions made in a statement of disputed or undisputed facts risk

---

[3] Fed. R. Civ. P. 56(c)(1).

[4] *Celotex*, 477 U.S. at 332 (internal citations omitted).

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

exclusion of that evidence, as the Court is not required to "paw over files without the assistance from the parties" in order to evaluate their contentions.[9] Accordingly, to properly present a motion for, or opposition to, summary judgment, litigants must comply with this District's Local Rule 56-1, which specifies that any such motion "shall include a concise statement setting forth each fact material to the disposition of the motion, which the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence upon which the party relies."[10] Courts in this district routinely decline to reach the merits of arguments made in connection with a "summary judgment" filing which contains no statement of undisputed facts at all.[11] Since Defendants' filing refers to "facts" without clarifying whether they are disputed or undisputed, and does not contain any pinpoint citations to the record, Defendants have failed to comply with Local Rule 56-1. *See* Doc. 16 at 3. This alone justifies denial of the motion without reaching its merits.

Some Nevada district courts have overlooked a party's failure to support many of its factual statements with citations to the record where the failure was not "egregious"[12] or where the summary judgment filing otherwise complied with the "spirit" of the rule.[13] Defendants' filing contains a "brief statement of the facts" without any citations to the record, proceeds to refer broadly to the "counts" in Joe Hand's complaint, and argues that Joe Hand has not adequately pled a claim for relief under any of his three causes of action. *See*

---

[9] *Orr v. Bank of America*, 285 F.3d 764, 774-75 (9th Cir. 2002).

[10] D. Nev. L.R. 56-1. As a general matter, the trial court may not interpret local rules to *grant* a summary judgment motion as unopposed, but must consider whether the merits of the undisputed facts warrant entry of judgment against the non-moving party. *See Heinemann v. Setterberg*, 731 F.3d 914, 917 (9th Cir. 2013). However, *Heinemann* does not speak to the issue of whether the Court many *deny* summary judgment when a movant files a motion which does not comply with such rules.

[11] *See, e.g.*, *Engel v. Siroky*, 2014 WL 585769, at *2 (D. Nev. Feb. 14, 2014); *Montgomery v. Las Vegas Metropolitan Police Department*, 2013 WL 1703618, at *7 (D. Nev. Apr. 19, 2013); *Jones v. Las Vegas Valley Water District*, 2012 WL 1900943, at *1 (D. Nev. May 24, 2012); *Spitzmesser v. Tate Snyder Kimsey Architects, Ltd.*, 2011 WL 2552606, at *3-*4 (D. Nev. June 27, 2011).

[12] *Henry v. Rizzolo*, 2011 WL 3240443, at *5 (D. Nev. July 28, 2011).

[13] *Riggs Marketing Inc. v. Mitchell*, 993 F. Supp. 1301, 1304 (D. Nev. 1997).

Doc. 16. Defendants' exclusive references to the "pleadings" may evince their unstated intent to bring this motion for "summary judgment" as a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6). But Defendants, after receiving Joe Hand's response to their motion for "summary judgment," never filed a reply to clarify their intentions, and the Court will not analyze the merits of a legal argument Defendants have elected not to make. Instead, in light of the substantive ambiguity in Defendants' filing and the "spirit" of Local Rule 56-1, the Court denies the motion for summary judgment without prejudice, to allow Defendants the opportunity to either re-submit a properly supported motion for summary judgment, or to properly re-cast it as a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6). As the dispositive-motion deadline has expired, Defendants' new motion must be filed within 14 days of this order.

## Conclusion

It is **HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE.** As the dispositive-motion deadline has expired, Defendants' new motion must be filed within 14 days of this order.

DATED March 31, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE