UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br> v. <br> EDEN J. STEAK LLC, et al., <br><br> Defendants. | Case No. 2:12-cv-01930-RFB-PAL <br><br> ORDER <br><br> (Mot Withdraw – Dkt. #34) <br> (Ex Parte Mot for OST – Dkt. #35) |

Before the court is H. Stan Johnson's Motion of Cohen-Johnson, LLC to Withdraw as Counsel of Record for Defendants on an Order Shortening Time (Dkt. #34) and Ex-Parte Motion for Order Shortening Time (Dkt. #35) filed April 23, 2015.  The motion to withdraw is supported by the affidavit of attorney Michael Hughes who represents that the clients have failed to communicate with counsel. Eden J. Steak, LLC, and ceased active business operations. Albert S. Lee, emigrated from the United States and ceased all communications with the law firm of Cohen-Johnson, LLC.  Donghwan Park no longer has an interest in the outcome of the above-captioned case since it has received a bankruptcy discharge with respect to the claims at issue in this case. The law firm therefore, seeks leave to withdraw as counsel of record on an expedited basis to avoid having to prepare for and attend a mandatory settlement conference scheduled for May 20, 2015, and the financial burden of representing the defendants who owe the firm in excess of $11,000.

Having reviewed and considered the matter, and for good cause shown,

**IT IS ORDERED:**

1. H. Stan Johnson's Motion to Withdraw (#34) and Ex Parte Motion for Order Shortening Time (Dkt. #35) are **GRANTED**.

2. Defendant Albert S. Lee shall have until **May 19, 2015,** in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice, or shall file a notice with the court that he will be appearing in this matter *pro se*.

3. Defendant Albert S. Lee and failure to timely comply with this order by either obtaining substitute counsel, or filing a notice that they will be appearing in this matter *pro se* may result in the imposition of sanctions, which may include a recommendation to the District Judge that a default judgment be entered for Defendants' failure to prosecute.  See Fed. R. Civ. P. 41(b).

4. A corporation cannot appear except through counsel.  *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); *United States v. High Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993).  As such, Defendants Eden J. Steak, LLC and Doughwan Park shall have until **May 19, 2015**, in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice.

5. The corporate Defendants failure to timely comply with this order by either obtaining substitute counsel may result in the imposition of sanctions, which may include a recommendation to the District Judge that a default judgment be entered for Defendants' failure to prosecute.  See Fed. R. Civ. P. 41(b).

6.. The Clerk of the Court shall serve the Defendants with a copy of this order at their last known addresses:

Eden J. Steak, LLC
C/O U.S. Corporation Agents, Inc.
500 N. Rainbow Blvd.
Las Vegas, Nevada  89107

Donghwan Park
Unit No. 103
3160 South Valley View Blvd.
Las Vegas, Nevada  89102

/ / /

/ / /

1  Albert Lee
   Unit No. 200
2  6125 S. Fort Apache Rd.
   Las Vegas, Nevada  89128

3  DATED this 5th day of May, 2015.

                                                                                 _____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE